IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-MJ-2165-JG-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER OF DETENTION PENDING** |
| ) | **TRIAL** |
| SILVESTRE CUADRA-NUNEZ ) | |
| ) | |
| Defendant. ) | |

This case and a related case[1] came before the court today for a consolidated hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant in the instant case, Silvestre Cuadra-Nunez ("defendant"), as well as the defendant in the related case, pending trial.[2] At the hearing, defendant presented no evidence. The government presented the testimony of a narcotics investigator with the Person County Sheriff's Office assigned to a task force of the Drug Enforcement Administration. For the reasons stated below, the government's motion is GRANTED.

## **Background**

Defendant was charged by criminal complaint on 11 August 2014 with conspiracy to distribute and possess with the intent to distribute 50 grams or more of cocaine and a quantity of heroin in violation of 21 U.S.C. §§ 846 and 841(a)(1). The evidence presented at the hearing showed that the charges arise from controlled purchases of over 110 grams of cocaine worth

---

[1] *United States v. Elizabeth Marrero*, No. 5:14-MJ-2164 (E.D.N.C.). The affidavit supporting the criminal complaint against Marrero, who is married to defendant, is materially identical to that supporting the complaint against defendant and names both as principals in the same drug-trafficking conspiracy.

[2] Without objection of counsel, the consolidated detention hearing was combined with a consolidated preliminary hearing in the two cases. Prior to reaching the issue of detention, defendant conceded, and the court ruled irrespective of defendant's concession, that the government had established probable cause for the charges against him.

about $5,000.00 in each March and April 2013 from defendant and his wife by a confidential source at a convenience/Hispanic products store in Knightdale, North Carolina owned by his wife. In both transactions, defendant obtained the cocaine being purchased from a plastic container and handed it to the confidential source. Defendant's wife had arranged the transactions with the source over the telephone and took the money for the purchases from the source.

In the course of the April 2013 transaction, defendant stated to the confidential source that he could supply kilograms of cocaine to him. A consensual search of the store after the April 2013 transaction yielded over 110 grams of additional cocaine and over 200 grams of heroin. A consensual search of defendant's home yielded small amounts of cocaine and marijuana, as well as over $120,000 in cash and two handguns. Idols associated with drug trafficking were located in both the store and the home.

## **Discussion**

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3)(A) applies. The court finds that defendant, having presented no evidence, failed to rebut the presumption of detention. In accordance with this presumption, the court finds that there is no condition or combination of conditions that will reasonably assure the appearance of defendant as required and the safety of the community before trial if defendant is released. Defendant conceded at the hearing that the presumption of detention applied.

Alternatively, the court finds that the evidence presented at the hearing and the information in the pretrial services report shows by clear and convincing evidence that there is no condition or combination of conditions that would reasonably assure the safety of any other person or the community and the appearance of defendant as required if he were released. This

alternative finding is based on, among other facts, defendant's status as an illegal alien subject to removal proceedings, the amount of drugs apparently involved in the charged conspiracy, defendant's central role in the conspiracy, and the potential term of imprisonment defendant faces if convicted.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 15th day of August 2014.

_____
James E. Gates
United States Magistrate Judge